**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| K. AUSTIN SACHS<br>611 Otono Drive<br>Boulder City, NV  89005 | * <br> * <br> * <br> * |
|        Plaintiff | * <br> * |
| vs. | *     Case #: _____ <br> * |
| SAMMY NOUMBISSI, D.D.S., M.S.<br>INDIVIDUALLY AND DOING<br>BUSINESS AS<br>"Miles of Smiles Dental";<br>"Miles of Smiles Dental Associates";<br>"Miles of Smiles Dental Center";<br>"Miles of Smiles Dentistry";<br>"Miles of Smiles Implant Dental Center";<br>and "Miles of Smiles Implant Dentistry" | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| Suite 307<br>14333 Laurel Bowie Road<br>Laurel, Maryland 20708 | * <br> * <br> * <br> * |
|       And | * <br> * |
| MILES OF SMILES DENTAL<br>ASSOCIATES, LLC<br>1433 Laurel-Bowie Road<br>#307<br>Laurel, Maryland 20709 | * <br> * <br> * <br> * <br> * <br> * |
|      SERVE ON:<br>     Sammy Noumbissi<br>     14921 Saddle Creek Drive<br>     Burtonsville, Maryland 20866 | * <br> * <br> * <br> * <br> * |
|      Defendants. | * <br> * |

*************************************************************************

## COMPLAINT

Plaintiff K. Austin Sachs, by and through his attorneys, David A. Harak and The Harak Law Firm, LLC, sues the above named Defendants and in support thereof states the following:

## PARTIES

1.    Plaintiff Austin Sachs (hereafter "Plaintiff") is an adult citizen of the State of Nevada residing at 611 Otono Drive, Boulder City, NV 89005.

2.    Sammy Noumbissi, D.D.S., M.S. (hereinafter "Defendant Noumbissi") is a Defendant who provides health care services to residents throughout the State of Maryland and doing business individually and as the following trade name entities which he owned the rights to: "Miles of Smiles Dental"; "Miles of Smiles Dental Associates"; "Miles of Smiles Dental Center"; "Miles of Smiles Dentistry"; "Miles of Smiles Implant Dental Center"; and "Miles of Smiles Implant Dentistry."

3.    At all times herein mentioned Miles of Smiles Dental Associates, LLC was a corporation registered to do business for the purpose of providing dental services in the State of Maryland with its stated principal place of business located at 1433 Laurel-Bowie Road, #307, Laurel, Maryland 20709.

## JURISDICTION OF CLAIM AND VENUE

4.    This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship of the parties to the causes of action which are for an amount that exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of pre-judgment and post-judgment interest, costs, and attorney fees.

5.    Venue lies in the United States District Court for the District of Maryland Northern Division pursuant to 28 U.S.C. § 1391 because it is the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred.

## COUNT I
### (Medical Negligence- Defendant Sammy Noumbissi, D.D.S., M.S.)

6.    Plaintiff Austin Sachs incorporates by reference paragraphs one through four into this count as though fully set forth herein, and further alleges that at all times of which he complains, Defendant Noumbissi was licensed to practice dentistry in the State of Maryland and represented to the public and the Plaintiff possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent dentists.

7.    Defendant Noumbissi owed a duty to Plaintiff Austin Sachs to exercise the degree of care, skill and judgment ordinarily expected of a reasonably competent dentist of the same or similar specialty acting in the same or similar circumstances; that duty included, without limitation, properly monitoring, attending to, examining, diagnosing, treating, operating upon, referring, prescribing for, consulting upon, and administering to patients who might submit to his care and professional treatment.

8.    Plaintiff Austin Sachs came under the treatment and dental care of Defendant Noumbissi on August 12, 2012.

9.    During the course of Plaintiff Austin Sachs's treatment with Defendant Noumbissi, Defendant Noumbissi performed various dental treatments including but not limited to:  bone graft surgery; implant placement surgery; stability testing; and post implant removal to the Plaintiff's jaw, mouth and teeth.

3

10.     Defendant Noumbissi negligently deviated from the accepted standards of dental care. Such deviations include, without limitation:  failing to employ proper and appropriate diagnostic methods to timely and accurately diagnose and treat Plaintiff Austin Sachs's dental condition throughout his treatment and care of the Plaintiff; failure to perform adequate and appropriate bone graft surgery; failure to appropriately assess the adequacy of the bone graft surgery he performed on Plaintiff Austin Sach's; failure to adequately and appropriately perform implant placement surgery; as well as other dental implant services with the required skill, care, and judgment in a manner and a degree of care consistent with the standard of care; failure to protect the Plaintiff's mouth by failing to use a surgical guide during implant placement surgery; failure to prescribe appropriate treatment and medication for Plaintiff Austin Sachs's condition; and/or otherwise failing to provide dental treatment in accordance with the appropriate standard of care.

11.     As a direct and proximate result of the negligence of Defendant Noumbissi, Plaintiff Austin Sachs: suffered physical disfigurement and emotional pain and suffering; suffered severe shocks to his nerves and nervous system; suffered mental anguish; lost his former state of physical and mental well-being; was inconvenienced; underwent unnecessary dental procedures; incurred otherwise unnecessary dental care and expenses; will likely require future dental care for which he will incur further expenses; incurred otherwise necessary (non-medical) expenses; suffered loss of income; and suffered a permanent injury that prevented him from pursuing his usual and normal activities.

12.     Plaintiff Austin Sachs avers and alleges that all of the injuries, damages and losses claimed herein were directly the result of the dental medical negligence,

carelessness, unskillfulness of Defendant Noumbissi, who a) did not conduct himself in a competent and skillful manner; b) failed to exercise the degree of skill and care necessary under the circumstances; c) departed from generally accepted dental practices and procedures; and d) was otherwise careless, reckless and negligent.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Sammy Noumbissi, D.D.S., M.S. in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

<div align="center">

**COUNT II**
**(Respondeat Superior/Imputed Negligence-**
**Defendant Sammy Noumbissi, D.D.S., M.S.)**

</div>

12. Plaintiff individually realleges and incorporates by reference paragraphs one through eleven into this count as though fully set forth herein, and further allege that at all times of which he complains while rendering dental and oral care to Plaintiff, the staff members of Defendant Sammy Noumbissi, D.D.S., M.S., were acting as agents, servants, and/or employees and to the benefit and furtherance of the interests of their principal and/or employer Defendant Sammy Noumbissi, D.D.S., M.S., LLC.

13. As the principal and/or employer of the staff members Defendant Sammy Noumbissi, D.D.S., M.S. who treated Plaintiff, Defendant Sammy Noumbissi, D.D.S, M.S. is responsible for all negligent acts committed by each of them in the performance of their individual and respective agency and/or within the scope of their individual and respective employment as well as the injuries and damages that the Plaintiffs sustained as a direct and proximate result of these negligent acts.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Sammy Noumbissi, D.D.S., M.S. in the amount of Seven Hundred Fifty Thousand

Dollars ($750,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

## COUNT III
### (Respondeat Superior/Imputed Negligence -
### Defendant Miles of Smiles Dental Associates, LLC)

14. Plaintiff individually realleges and incorporates by reference paragraphs one through eleven into this count as though fully set forth herein, and further allege that at all times of which he complains while rendering dental and oral care to Plaintiff Defendant Sammy Noumbissi, D.D.S., M.S. and other medical providers including staff who provided treatment to Plaintiff, were acting as agents, servants, and/or employees and to the benefit and furtherance of the interests of their principal and/or employer Defendant Miles of Smiles Dental Associates, LLC.

15. As the principal and/or employer of Defendants Sammy Noumbissi, D.D.S., M.S. and other medical providers including nurses and staff who treated Plaintiff, Defendant Miles of Smiles Dental Associates, LLC is responsible for all negligent acts committed by each of them in the performance of their individual and respective agency and/or within the scope of their individual and respective employment as well as the injuries and damages that the Plaintiffs sustained as a direct and proximate result of these negligent acts.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Miles of Smiles Dental Associates, LLC in the amount of Seven Hundred Fifty Thousand

Dollars ($750,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

## COUNT IV
### (Breach of Duty to Obtain Informed Consent-
### Defendant Sammy Noumbissi, D.D.S, M.S.)

16.  Plaintiff individually realleges and incorporates by reference paragraphs one through eleven into this count as though fully set forth herein, and further alleges that at all times of he complains, Defendant Sammy Noumbissi, D.D.S., M.S. had a duty to obtain Plaintiff's informed consent.  This duty required Defendant Sammy Noumbissi, D.D.S., M.S. provide Plaintiff with:  1) all material information concerning the proposed treatment of the Plaintiff, as well as alternatives to the proposed treatment; 2) instruct her on the efficacy or alternatives to the manner in which Defendant Sammy Noumbissi, D.D.S., M.S. chose to carry out bone graft surgery as well as implant placement surgery. This duty required Defendant Sammy Noumbissi, D.D.S., M.S. to disclose to the Plaintiff every material risk of the negative consequences of Defendant Sammy Noumbissi, D.D.S., M.S.'s decision to perform the bone graft surgery and implant placement surgery in the manner he chose to use when it should have been, or was, clear to him that Plaintiff was not a good candidate for the approach Defendant Sammy Noumbissi, D.D.S., M.S. decided to use toward both of these surgeries.  A material risk is a risk that would be significant to a reasonable person who is asked to decide whether to consent to a particular course of medical treatment or procedure.

17.  Defendant Sammy Noumbissi, D.D.S., M.S. breached his duty to obtain informed consent when he failed to explain to explain and disclose the above information to the Plaintiff, all of which is fully incorporated herein by reference.

7

18. Defendant Sammy Noumbissi, D.D.S., M.S. breached the duty to obtain informed consent by failing to explain to Plaintiff the alternatives to his decision to perform the bone graft surgery and implant placement surgery in the manner he chose to use when he should have or actually knew that Plaintiff would not be benefited by Defendant Sammy Noumbissi, D.D.S., M.S.'s approach to these two surgeries..

19. Defendant Sammy Noumbissi, D.D.S., M.S. failed to obtain informed consent in other respects as well.

20. Defendant Sammy Noumbissi, D.D.S.,'s failure to obtain informed consent was a proximate cause of Plaintiff's injuries and damages, which are fully incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Sammy Noumbissi, D.D.S, M.S. in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) plus interest, costs and such other and further relief as this Honorable Court deems proper.

Respectfully Submitted,

**THE HARAK LAW FIRM, LLC**

David A. Harak, Esquire
Federal Bar ID: 13803
38 South Paca Street
Suite 116
Baltimore, Maryland 21201
Tel: 410-347-1272
Fax: 410-347-1274
Email: David@haraklaw.com
Attorney for the Plaintiff

ELECTION FOR JURY TRIAL

Plaintiff hereby elects for trial by Jury.

David A. Harak